IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SYLVESTER TERRY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:13-cv-02121-SHL-cgc |
| ) | |
| SHELBY COUNTY GOVERNMENT FIRE ) | |
| DEPARTMENT, ) | |
|     Defendant. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed a Complaint on February 26, 2013, alleging that Defendant discriminated against him based on his race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981. Before the Court is Defendant's Motion for Summary Judgment (ECF No. 30), filed on May 5, 2014. Plaintiff did not file a response within 28 days, as required by Local Rule 56.1. On June 18, 2014, Magistrate Judge Claxton issued an Order to Show Cause which required Plaintiff to show cause within fourteen days as to why the Court should not consider the Motion for Summary Judgment on the record before it. (ECF No. 35.) Plaintiff did not respond to that Order within the time limit set by the Court. Therefore, pursuant to Local Rule 56.1(d), Defendant's statement of undisputed material facts (ECF No. 56-1) are deemed undisputed for the purposes of summary judgment.[1]

---

[1] Plaintiff filed a response to the Order to Show Cause on July 7, 2014. (See ECF No. 36.) However, Plaintiff's late response did not give any justification for why he had not filed a response to the Motion for Summary Judgment. Plaintiff's response could conceivably be construed as a response to the Motion for Summary Judgment, however, it does not meet any of the requirements for a response to Defendant's statement of undisputed material facts, nor offer any additional evidence on which the Court may rely. Therefore, the Court will evaluate the Motion for Summary Judgment based solely on the evidence currently in the record.

On August 27, 2014, Magistrate Judge Claxton issued a Report and Recommendation (ECF No. 39,) recommending that the Court grant Defendant's Motion for Summary Judgment. Plaintiff filed timely objections to the Report and Recommendation on September 10, 2014. (ECF No. 40.) For the reasons set forth below, the Court hereby ADOPTS the Report and Recommendations and Defendant's Motion for Summary Judgment is **GRANTED.**

*BACKGROUND*

The following material facts are undisputed for purposes of summary judgment unless otherwise noted.

Plaintiff is an African-American man who began working as a firefighter for the Shelby County Fire Department in November, 2004. (ECF No. 1 at 5.) In May, 2010, Plaintiff and one of his supervisors (Lieutenant Jackson) filled out Performance Appraisals evaluating Plaintiff's job performance. (See ECF No. 30-4.) On both Plaintiff's and Lieutenant Jackson's Performance Appraisal forms, a score of "achieves" was awarded for a section that was not meant to be scored and the points for this section were erroneously added to the total score. (Id.) At some point in time, someone corrected these mistakes on both forms and adjusted the total score from 3.17 to 3.0. (Id. at 5, 10.)

Plaintiff was not made aware of the corrections to his Performance Appraisal at the time the changes were made. When Plaintiff discovered the changes, he complained to Harvey Kennedy, the Chief Administrative Officer for Shelby County Government. (ECF No. 33 at 10-11.) Kennedy investigated the incident but was unable to determine what happened and why there were differing copies of Plaintiff's Performance Appraisal. (ECF No. 30-2 at 44.) The difference in scores did not impact Plaintiff's ranking on promotion eligibility lists because every applicant was automatically given 5.0 points for their Performance Appraisals, regardless of their

actual scores. (ECF No. 33 at 12.) Likewise, the difference in scores did not impact Plaintiff's ability to earn a Top Performer Award (a $150 bonus given to the top 10% of employees in each department) because Plaintiff's first score was not sufficient to earn the award. (ECF No. 33 at 13.) It is not clear from the complaint, but it appears that Plaintiff alleges that this change to his Performance Appraisal was racial discrimination.

On March 1, 2012, Plaintiff hit an object while he was driving Fire Engine 62. The fire engine suffered damage to the "tire, mud flap, fender wheel well, wheel rim, and lug nut covers" and a traffic cone was also damaged when it was "wrapped up in [the] wheel." (ECF No. 33, ¶¶ 21, 23; ECF No. 38 at 8.) On March 20, Battalion Chief Gene Adams (who is African-American) issued a Notice of Proposed Major Discipline to Plaintiff. (See ECF No. 30-2 at 9.) The basis of the discipline was operating the Fire Engine in an "unsafe / reckless / haphazard" manner and failing to give complete and accurate information. The letter gave Plaintiff notice that the Department would hold a "Loudermill hearing" regarding the proposed discipline on March 29, 2012. Battalion Chief Gene Adams (African-American) conducted the hearing as scheduled on March 29, 2012. (ECF No. 38 at 10.) Plaintiff had an opportunity to testify, present evidence and ask questions. (See ECF No. 38 at 3, 10.) Plaintiff was called back that same day after the hearing had concluded for a second round of questioning to clarify some issues (Plaintiff refers to this as a second Loudermill hearing and believes his due process rights were violated because he did not have three-days-notice of this second round of questioning).

After reviewing the evidence presented at the hearing, Adams determined that Plaintiff violated the Fire Department policies in operating the Fire Engine in a reckless manner and attempting to cover up the accident. (See ECF No. 30-2 at 13.) Defendant suspended Plaintiff for 72 hours without pay as punishment for violating these Department rules. Plaintiff appealed

this decision to Fire Chief Clarence Cash, Jr. (African-American); Chief Cash denied the appeal. (See ECF No. 30-2 at 18.)  Plaintiff next appealed the decision to Tom Needham, the Director of Public Works for Shelby County (race unknown).  (See ECF No. 30-2 at 19-21.)  Director Needham investigated the charges and found that the suspension was warranted.  (See ECF No. 30-2 at 22-23.)  Plaintiff appealed this decision to Shelby County Human Resources Administrator, Michael Lewis (race unknown).  Lewis found that Plaintiff had a fair hearing and denied his appeal.  (See ECF No. 30-2 at 24-26.)  Plaintiff avers that the discipline he received was "discriminatory discipline."

Sometime in 2010, Plaintiff took tests to put him in the pool of qualified applicants for future promotions to two different positions – driver and lieutenant.  (ECF No. 33, ¶ 5.)  The Fire Department gave every applicant who met the minimum requirements for the positions a written test to gauge the applicant's knowledge, skills, and abilities for the position as well as practical exams to evaluate job-specific skills.  (Id., ¶¶ 8-9.)  Every applicant who took the test was placed on a list, ranked in order of their test scores.  (See ECF No. 33, ¶¶ 11-13.)  Plaintiff ranked twenty-eighth on the driver list and seventh on the lieutenant list.  (See ECF No. 30-2 at 1-2.) While the tests were administered in 2010, the Department did not promote anyone until 2012.

In July 2012, Chief Cash promoted three firefighters to driver and three firefighters to lieutenant based, at least in part, on their rankings on the previously-established promotion eligibility lists.  Chief Cash was not bound by an applicant's ranking on the lists, but considered the list as a factor in addition to the applicants' attendance record, longevity, past performance, and perceived leadership ability.  (ECF No. 33, ¶ 7.)  Chief Cash promoted Ned Douglas (African-American), Jonathan Hanks (Caucasian), and Anthony Harrington (Caucasian) to driver.  (ECF No. 33, ¶¶ 15-16.)  Hanks was ranked second on the Driver List, Harrington was

third, Douglas was sixteenth, and Plaintiff was twenty-eighth. (See ECF No. 30-2 at 1-2.) Chief Cash promoted Jeremy Havlik (Caucasian), Usarius Royal (African-American), and Larry Robinson (African-American) to Lieutenant. (ECF No. 33, ¶¶ 17-18.) Havlik ranked first on the Lieutenant List, Royal was ranked second, Robinson ranked third, and Plaintiff was ranked seventh. (See ECF No. 30-2 at 1-2.) Plaintiff claims the failure to promote him to either driver or lieutenant in 2012 was racial discrimination. Defendant eventually promoted Plaintiff to lieutenant in 2014. (ECF No. 33, ¶ 43.)

## *STANDARD OF REVIEW*

District courts must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. See 28 U.S.C. § 636(b)(1). The Court has reviewed the report and recommendation and the entire record in this case *de novo*.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, Carter v. Univ. of Toledo, 349 F.3d 269, 274 (6th Cir. 2003), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court is to "view facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party." Bible Believers v. Wayne Cnty., —— F.3d ——, 2014 WL 4211190, at *5 (6th Cir. Aug. 27, 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

Once a properly supported motion for summary judgment has been made, "an opposing

5

party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court's role is not to weigh evidence or assess credibility of witnesses, but simply to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Kroll v. White Lake Ambulance Auth., ––– F.3d ––––, 2014 WL 4067748, at *3 (6th Cir. Aug.19, 2014) (quoting Anderson, 477 U.S. at 251–52). After reviewing the record in this case *de novo*, the Court agrees with the Magistrate Judge's recommendation that summary judgment should be granted in favor of the defendant as to all claims.

## *ANALYSIS*

Defendant seeks summary judgment on Plaintiff's claims for race discrimination under Title VII, 42 U.S.C. § 1981. Title VII provides that it is an "unlawful employment practice for an employer . . . to discriminate against any individual . . . because of [his] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Discrimination can be proven through either direct or circumstantial evidence. Terry does not have direct evidence of discrimination, therefore he must rely on the circumstantial-evidence framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Under the McDonnell Douglas framework, the Plaintiff must first make out a *prima facie* case for employment discrimination. If the Plaintiff establishes a *prima facie* case, the burden shifts to the Defendant, who must articulate a legitimate, nondiscriminatory reason for its

6

employment action. Finally, if the Defendant provides such a reason, the Plaintiff must prove that Defendant's reason was pretextual. See Blizzard v. Marion Technical College, 698 F.3d 275, 283 (6th Cir. 2012) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

**1. Revisions to Performance Appraisal**

To make out a *prima facie* case of race discrimination under Title VII based on the revisions to his performance appraisal, Terry must prove: (1) that he was a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that a similarly situated person outside the protected class was treated more favorably than him. Clay v. United Parcel Serv., Inc., 501 F.3d 695, 703 (6th Cir. 2007) (citing Braithwaite v. Timken Co., 258 F.3d 488, 493 (6th Cir. 2001)).

Plaintiff has failed to make out a *prima facie* case in regards to his performance appraisal. First, there is no direct evidence that the revisions to his performance appraisal were related to race or any other protected characteristic, and there is no circumstantial evidence showing that someone outside Plaintiff's protected class was treated differently. Second, the record shows that the revisions to Plaintiff's performance appraisal had no adverse impact whatsoever because the promotion rankings gave all applicants the same score for this factor and because Plaintiff would not have qualified for a Top Performers bonus even if his score had not been revised. See Tuttle v. Metropolitan Gov't of Nashville, 474 F.3d 307, 322 (6th Cir.2007) (noting that a negative performance evaluation does not generally constitute an adverse employment action unless it has an adverse impact on an employee's earnings). Therefore, Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims regarding revisions to his performance appraisal.

**2. Discipline**

In order to make out a *prima facie* case for his disparate treatment claim relating to his discipline, Plaintiff must show that other employees who are both outside his protected class and comparable to him in all relevant respects were treated differently. See Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998). In a "discipline case," this comparison includes showing that the conduct at issue was similar in both kind and severity. Clayton v. Meijer, Inc., 281 F.3d 605, 611 (6th Cir. 2002). As stated earlier, Terry was suspended without pay for 72 hours for hitting an object while driving a Fire Engine on March 1, 2012, and for not following department procedures in reporting the accident, instead allegedly trying to cover it up. Terry points to two comparators in the record. Andrew Hoard (Caucasian) was a firefighter suspended without pay for 24 hours after he struck a citizen's car and received a traffic citation. (See ECF No. 33 at ¶ 41, ECF No. 30-2 at 34.) Robert Dabbs, also a Caucasian firefighter, was suspended without pay for 24 hours for striking a fire hydrant while backing into the station. (See ECF No. 33 at ¶ 42, ECF No. 30-2 at 36.) However, there is nothing in either Hoard's or Dabbs' records that indicates they tried to cover up their accidents, which Terry was alleged to have done. Furthermore, the record shows that Lieutenant Richard Russell was also accused, along with Terry, of covering up Terry's accident, and he was suspended for 48 hours for his actions. (ECF No. 33 at ¶ 40; ECF No. 30-2 at 33.)

Taken together, it appears as if Terry received the same 24 hour suspension as his comparators for having the accident, and the same 48 hour suspension as Russell for his role in attempting to cover up the accident. However, there is no evidence in the record that this is how the Fire Department calculated Terry's discipline. Furthermore, while there are significant distinguishing factors between Terry and his comparators, the Sixth Circuit has made clear that a

plaintiff need not demonstrate an exact correlation with an employee receiving more favorable treatment in order for them to be considered similarly situated.  See, e.g., Chattman v. Toho Tenax Am., Inc., 686 F.3d 339, 348 (6th Cir. 2012) (quoting Ercegovich, 154 F.3d at 352.)  Therefore, viewing the facts in the light most favorable to the plaintiff, the Court finds that Terry has made out a *prima facie* case in regards to his discipline.

However, Terry's claim ultimately fails because he cannot show that Defendant's legitimate non-discriminatory excuse is pretextual.  Defendant agues that Terry's punishment was more severe than the two Caucasian firefighters he points to as comparables because Terry tried to cover up his accident.  The fact that Lieutenant Russell was suspended for 48 hours for his participation in the alleged cover up supports Defendant's assertion, since 48 hours is the difference between Terry's punishment and that of his comparators.  (See ECF No. 30-2 at 33.)

Terry argues that he was not involved in a cover up, but this is unavailing.  To show that Defendant's reasons for discipline are pretextual, Plaintiff must allege more than a dispute over the facts upon which the discipline was based.  See Braithwaite v. Timken Co., 258 F.3d 488, 494 (6th Cir.2001).  Rather, Plaintiff must point to some evidence tending to demonstrate either that the basis for the discipline was false or that Defendant did not honestly believe the reasons cited for the discipline.  See Payne v. Mueller Indus., Inc., No. 2:11-CV-2238-JTF-DKV, 2013 WL 3864818, at *4-5 (W.D. Tenn. July 24, 2013), aff'd, (May 7, 2014).  Plaintiff has utterly failed to do this.

The record shows that Battalion Chief Adams reviewed statements from every firefighter who was at the scene of the accident as well as testimony from Department mechanics about the likely cause of the damage.  (See ECF No. 30-2 at 6-8, 18.)  Multiple parties, both within the Fire Department and from other areas of Shelby County Government, reviewed the hearing and found

that the hearing was fair and supported by the evidence in the record.  The record presented in support of Defendant's motion supports this conclusion, and  Plaintiff has failed to submit evidence to the contrary.  Because Plaintiff has failed to show that there is a genuine dispute of material fact as to the rationale in support of Defendant's punishment of Terry following the accident, Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiff's claim based on the discipline he received.

**3. Failure to Promote**

To make out a *prima facie* case of race discrimination in the failure to promote context, Terry must prove four elements: (1) that he is a member of a protected class; (2) that he applied for, and did not receive, a job; (3) that he was qualified for the job; and (4) that a similarly-situated person who was not in the plaintiff's protected class received the job.  Anthony v. BTR Auto. Sealing Sys., Inc., 339 F.3d 506, 515 (6th Cir. 2003) (citing Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1166 (6th Cir.1996)).  If a plaintiff makes out a *prima facie* case, a defendant must then show a legitimate, non-discriminatory reason for the failure to promote.  Id. If a defendant makes this showing, the burden then shifts to the plaintiff to show that the defendant's reason is a pretext for discrimination.  Id.

Plaintiff has shown sufficient proof at this stage to establish a *prima facie* case for failure to promote, however, he has not shown that Defendant's legitimate, non-discriminatory reasons for failing to promote him were a pretext for racial discrimination.  Defendant claims that the candidates it promoted in 2012 were more qualified than Plaintiff.  In support, Defendant points to the fact that all of the parties promoted were ranked higher than Plaintiff on the "Eligible for Promotion" rankings list.  Plaintiff does not dispute the accuracy of the driver promotion rankings list, where he ranked 28th and all of the individuals promoted ranked higher.  However,

10

Terry claims that there is another version of the lieutenant promotion rankings list, different than the one in the record. The copy of the rankings in the record (See ECF No. 30-2 at 2) shows Terry ranked seventh and Robinson ranked third, while Terry claims that he has a copy of a list that shows that Terry was ranked sixth and Robinson was ranked eighth.

This claim is unpersuasive. First, Terry has failed to provide a copy of the alleged other list to the Court or even an affidavit of a witness who can vouch for this other list. Second, the record shows that the rankings were an important but not determinative factor, therefore showing that someone ranked slightly lower than him received a promotion ahead of him is not sufficient to establish pretext. Finally, even assuming such a list existed and the ranking was the most important factor in the promotion process, showing that Robinson was ranked lower than him is insufficient to support a claim of racial discrimination because Robinson is the same race as Terry. Therefore, Defendant's Motion for Summary Judgment is GRANTED as to Terry's failure to promote claim.

## CONCLUSION

Terry has failed to provide even a scintilla of evidence showing that Defendant discriminated against him because of his race. The revisions to Terry's 2010 Performance Appraisal were not an adverse employment action because they did not impact Terry's earnings. Terry is unable to show that Defendant did not honestly believe that he damaged County property and failed to fully disclose information about the accident. Likewise, Terry cannot show that Defendant failed to promote him because of his race because the proof shows that all of the employees promoted ahead of him were more qualified. Therefore, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendations in its entirety. Defendant's Motion for Summary Judgment is **GRANTED** as to all Plaintiff's claims.

**IT IS SO ORDERED,** this 30th day of January, 2015.

                                                    /s/ Sheryl H. Lipman
                                                  Sheryl H. Lipman
                                                  U.S. DISTRICT COURT JUDGE